IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
S.P., a minor, and A.F., a    )
minor, who sue by and         )
through their parents,        )
legal representatives and     )
next friends Andrew Finley    )
and Chantel Latreece          )
Presley, his wife; et al.,    )
                              )
     Plaintiffs,              )
                              )      CIVIL ACTION NO.
     v.                       )        2:20cv995-MHT
                              )            (WO)
ERIN THOMPSON SPINKS; and     )
STATE FARM AUTOMOBILE         )
INSURANCE COMPANY,            )
                              )
     Defendants.              )
```

OPINION AND ORDER

The allegations of plaintiffs' complaint are insufficient to invoke this court's diversity-of-citizenship jurisdiction. The allegations must show that the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332.

Plaintiffs' complaint fails to meet this standard in two ways. First, the complaint gives the

"residence" rather than the "citizenship" of all plaintiffs and of defendant Erin Thompson Spinks. An allegation that a party is a "resident" of a State is not sufficient to establish that a party is a "citizen" of that State. *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("Residence alone is not enough.") (citing *Denny v. Pironi*, 141 U.S. 121, 123 (1891); *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.")). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. ... And domicile requires both residence in a state and 'an intention to remain there indefinitely....'" *Travaglio*, 735 F.3d 1266, 1269 (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257, 1258 (11th Cir. 2002)) (internal citation omitted).

Second, plaintiffs' complaint fails to properly allege the citizenship of defendant State Farm

Automobile Insurance Company. Plaintiffs plead that State Farm is a "foreign corporation with its principle [sic.] place of business in Bloomington, Illinois." Complaint (Doc. 1) at 2. In the answer to the complaint, State Farm avers that it is a mutual company rather than a foreign corporation. *See* Answer (Doc. 14) at 2. "Whether [State Farm] should be considered a corporation for diversity purposes depend[s] on state law." *Mut. Serv. Cas. Ins. Co. v. Country Life Ins. Co.*, 859 F.2d 548, 550 (7th Cir. 1988). *See also Barnett v. Norfolk & Dedham Mut. Fire Ins. Co.*, 773 F. Supp. 1529, 1531 (N.D. Ga. 1991) (Forrester, J.) ("[M]utual insurance companies that are incorporated under state law are treated as corporations under 28 U.S.C. § 1332."). As the complaint does not provide the State or States where State Farm is incorporated, it is unclear which State's law should apply to determine whether State Farm is a corporation under State law.

3

If State Farm is a corporation, then the complaint must allege the citizenship of both every State of incorporation and where the corporation has its principal place of business. 28 U.S.C. § 1332(c)(1). If the entity is a partnership, the complaint must indicate the citizenship of the individual partners, both general and limited. *See Carden v. Arkoma Associates*, 494 U.S. 185 (1990). If the entity is an unincorporated association, the complaint must indicate the citizenship of each and every one of its members. *See Xaros v. U.S. Fidelity and Guar. Co.*, 820 F.2d 1176, 1181 (11th Cir. 1987). If the entity is a limited liability company, the complaint must allege "[t]he citizenships of all members of the limited liability company." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). (And if the entity consists of several entities, the complaint must reflect the citizenship,

4

or citizenships, of each and every entity based on the nature of that entity.)

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court that plaintiffs have until April 19, 2021, to amend the complaint to allege jurisdiction sufficiently; otherwise this lawsuit shall be dismissed without prejudice.

DONE, this the 12th day of April, 2021.

                         /s/ Myron H. Thompson
                         **UNITED STATES DISTRICT JUDGE**