IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
S.P., a minor, and A.F., a )
minor, who sue by and      )
through their parents,     )
legal representatives and  )
next friends Andrew Finley )
and Chantel Latreece       )
Presley, his wife; et al., )
                           )
     Plaintiffs,           )
                           )        CIVIL ACTION NO.
     v.                    )         2:20cv995-MHT
                           )            (WO)
ERIN THOMPSON SPINKS; and  )
STATE FARM AUTOMOBILE      )
INSURANCE COMPANY,         )
                           )
     Defendants.           )
```

JUDGMENT

In accordance with the opinion entered today, it is

ORDERED, ADJUDGED, and DECREED that:

(1) The parties' proposed settlement of the claims

of minor plaintiffs S.P. and A.F. is approved, and the

court finds the terms of the settlement to be otherwise

fair, just, and in the best interest of plaintiffs S.P.

and A.F., with the following modifications:

(a) Plaintiffs' attorneys shall receive 25 % of the settlement, after expenses, instead of 33 %.

(b) After subtraction of expenses and the attorney's fee, plaintiff A.F. shall receive $ 15,000 from the settlement, and plaintiff S.P. shall receive the remainder of the funds, or approximately $ 481,066.90.   Plaintiffs Chantel Latreece Presley and Andrew Finley shall receive nothing.

(c) The settlement proceeds have been paid into a qualified settlement fund. *See* Order Establishing Qualified Settlement Fund (Doc. 42); Notice of Deposit of Funds into Qualified Settlement Funds (Doc. 45).   The fund administrator shall transfer plaintiff S.P.'s settlement funds to a special needs trust at the direction of the guardian ad litem for plaintiff S.P., Karen Laneaux, Esq., and plaintiffs' attorney LaBarron Boone, Esq., to avoid any impact on plaintiff S.P.'s eligibility for Medicaid and Social Security.   The trustee shall use a structured settlement to grow the proceeds.

(d) The fund administrator shall transfer plaintiff A.F.'s settlement funds to a low-fee investment account from which withdrawals can be taken without penalty for purposes of plaintiff A.F.'s mental-health care and education needs only. Plaintiff A.F.'s attorney and the guardian ad litem for plaintiff A.F., Vonda Kay Bonham, Esq., shall identify and set up such an account for plaintiff A.F.'s benefit, with plaintiff Pressley as the holder of the account for the benefit of plaintiff A.F. Plaintiff Pressley shall have control over the account until plaintiff A.F. reaches the age of majority, at which point plaintiff A.F. shall receive control of the funds remaining in the account.

(e) Within 14 days of the entry of this judgment, counsel for the plaintiffs and the guardians ad litem may submit more specific or alternative language to facilitate the goals of paragraphs (c) and (d) above.

3

(2) The fees and expenses of the court-appointed guardians ad litem, Karen Laneaux and Vonda Kay Bonham, are to be paid by defendant Erin Thompson Spinks, and not from the amount of the settlement that plaintiff S.P. and plaintiff A.F. are to receive. The court assumes that Ms. Laneaux, Ms. Bonham, and defense counsel will make appropriate arrangements for the payment of their fees and expenses in a timely manner.

(3) The defendants' motion for an order dismissing all claims with prejudice (Doc. 45) is granted, and any and all claims that have been or could have been asserted by or on behalf of the plaintiffs and against the defendants in this action are dismissed with prejudice, with each party to bear their own costs.

(4) The court retains jurisdiction over the Qualified Settlement Fund until it is wound up and the Fund Administrator discharged, *see* Order (Doc. 42), and over this judgment for purposes of amending the judgment if requested and appropriate, as discussed in paragraphs 1(c) and (d) above, and to issue any

4

additional orders necessary to the disbursement and administration of the settlement funds.

No costs are taxed.

This case is closed.

DONE, this the 18th day of January, 2022.

　　　　　　　　　　　　　　　/s/ Myron H. Thompson
　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE